NOT FOR PUBLICATION [Dkt. Ent. 1]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| STATE OF NEW JERSEY,<br><br>      v.<br><br>BRUCE ARISTEO. | Action No. 14-7911 (RMB/AMD)<br><br>**MEMORANDUM ORDER** |

BUMB, United States District Judge:

On December 22, 2014, Defendant Bruce Aristeo (the "Defendant") filed a Notice of Removal, purporting to remove a criminal action from the Superior Court of New Jersey, Law Division, on grounds that the prosecution is unconstitutional and violative of Defendant's First Amendment and Due Process rights. (Dkt. Ent. 1.) He appears to seek a stay of his criminal proceeding pending disposition of a related civil action, but also argues for dismissal of the State Court Indictment. Defendant also filed an Application to Proceed Without Prepayment of Fees pursuant to 28 U.S.C. § 1915. Because the attached Affidavit of indigence demonstrates that Defendant is unable to pay the requisite filing fee, the Court grants Defendant's application to proceed without prepayment of fees.

However, the Court must remand this matter to the Superior Court of New Jersey, Law Division. Based upon the allegations

1

contained within the Notice of Removal and its attachments, a Temporary Restraining Order ("tro") was issued against Defendant on August 2, 2012. (Dkt. Ent. 1-1.) The Complaint avers that between January 2, 2013 and May 15, 2013, Defendant violated that TRO by posting inflammatory videos regarding Jody Raines on public internet sites. (Id.) He was indicted in June 2013 for "purposefully or knowingly engag[ing] in a course of conduct directed at Jody Raines that would cause a reasonable person to fear for their safety or the safety of a third person or suffer other emotional distress . . . in violation of N.J.S. 2c:12-10c . . . ." (Id.) According to the documents Defendant submitted with his Notice, he has proceeded before the Law Division, representing himself, for quite some time.

Criminal prosecutions commenced in state court may be removed to federal court in limited circumstances. Pursuant to 28 U.S.C. § 1442, criminal prosecutions against or directed to the following may be removed:

> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.
>
> (2) A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States.

> (3) Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties;
>
> (4) Any officer of either House of Congress, for or relating to any act in the discharge of his official duty under an order of such House.

28 U.S.C. § 1442(a). Criminal prosecutions against a member of the armed forces also may be removable to federal court. 28 U.S.C. § 1442a. Moreover, 28 U.S.C. § 1443 authorizes removal of criminal prosecutions

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Where a party seeks removal under § 1443(1), the criminal defendant must: "(a) allege a denial of his rights on account of race; and (b) detail the facts showing that he cannot enforce his federal rights in state court." Mahan v. New Jersey, No. 14-508, 2014 WL 4054029, at *1 (D.N.J. Aug. 15, 2014) (citing Del. v. Hefley, 403 F. App'x 677, 678 (3d Cir. 2010). Therefore, "removal is not warranted when it is based solely on petitioners' allegations that the statutes underlying the charges against them were unconstitutional, that there was no basis in fact for those charges, or that their arrest and prosecution otherwise denied them their constitutional rights."

Id. (quoting In re Oke, 436 F. App'x 138, 139 (3d Cir. 2011) (internal citations and quotations omitted)); see also New Jersey v. Willis, No. 10-5242, 2011 WL 1134457, at *2 (D.N.J. March 24, 2011) ("Where the party seeking removal asserts the violation of his constitutional rights phrased in terms of general rights applicable to all citizens, rather than provisions couched in the specific language of racial equality, there is no basis for removal under Section 1443(1)." (citations omitted)). As to § 1443(2), this section is applicable to federal officers or agents and those authorized to act for or with them. Willis, 2011 WL 1134457, at *2.

Even liberally construing Defendant's Notice of Removal, as this Court must, Defendant makes no such allegations permitting removal under § 1442, 1442a, or 1443. At best, his Notice is read to assert violations of the generally-applicable First Amendment, as well as claims of "wrongdoing" and "unconstitutional" actions by the investigators, and thus his attempt to remove this matter to federal court will be denied.

ACCORDINGLY, FOR THESE REASONS,

IT IS on this **29th** day of **December 2014** hereby

**ORDERED** that Defendant's application to proceed without prepayment of fees is GRANTED, and the Clerk of the Court shall file the Notice of Removal; and it is further

**ORDERED** that this matter shall be REMANDED to the Superior Court of New Jersey, Law Division; and it is further

**ORDERED** that the Clerk of the Court shall close the file.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE
